ORDERED UNSEALED on 04/29/2026   s/

**SEALED**



**FILED**

Mar 10 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        J DOE        DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### January 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>THET MIN NYI (1),<br>    aka "Ko Thet,"<br>    aka "Ko,"<br>        ████████ (2),<br>████████████<br>████████████<br><br>        Defendants. | Case No.: '26 CR0762 RSH<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Secs. 1349 and 1343 – Conspiracy to Commit Wire Fraud; Title 18, U.S.C., Secs. 1956(h), 1956(a)(2)(A), 1956(a)(2)(B)(i) – Conspiracy to Launder Monetary Instruments; Title 18, U.S.C., Secs. 981(a)(1)(C), 982(a)(1), and 982(b), and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |

The grand jury charges:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. A cryptocurrency investment fraud scheme ("CIF" scheme) was a sophisticated scheme in which co-conspirators contacted victims through dating applications, social media, telephone, text messages, other messaging applications, email, and other means to gain the victims' trust and affection. The co-conspirators then promoted cryptocurrency investment opportunities to victims and touted possible returns on investments, including by touting the co-conspirators' own purported successes in the field. The co-conspirators purported to assist victims in opening cryptocurrency accounts and investing in cryptocurrency on various exchanges, and then instructed and purported to assist victims

PSH:nlv(1):San Diego:3/10/26

in transferring the victims' investments to other, fake investment platforms controlled by the co-conspirators that were designed to resemble and function like legitimate platforms. The co-conspirators pressured victims to invest more over time, including by obtaining money to invest from others. The co-conspirators purported to show returns victims were gaining and could gain from further investments, and they imposed fake "taxes" on investments to obtain additional funds from victims. The co-conspirators took victims' investments by transferring the funds and cryptocurrency to cryptocurrency wallets and accounts controlled by the co-conspirators. The co-conspirators also locked victims out of their fake investment accounts and ceased communications once they stole victims' funds.

2. CIF schemes targeted individuals residing in the United States, including the Southern District of California, and elsewhere.

3. Defendant THET MIN NYI, aka "Ko Thet," aka "Ko" was a citizen of Myanmar who resided in the United Arab Emirates. THET MIN NYI, aka "Ko Thet," aka "Ko" managed CIF scheme compounds and organizations based in and around Dubai, United Arab Emirates.

4. Defendant ███████████████████████████ was a citizen of Indonesia who resided in the United Arab Emirates and Indonesia. ███████ worked in CIF scheme compounds and organizations based in and around Dubai, United Arab Emirates.

## Count 1

### (Conspiracy to Commit Wire Fraud)

### [18 U.S.C. §§ 1349 and 1343]

5. Paragraphs 1 through 4 are re-alleged and incorporated herein.

6. Beginning on a date unknown to the grand jury, but at least since 2024, and continuing up to and including March 10, 2026, within

2

the Southern District of California and elsewhere, defendants THET MIN NYI, aka "Ko Thet," aka "Ko," and ███████████ at least one of whom will first enter the United States in the Southern District of California, knowingly and intentionally conspired with others known and unknown to the grand jury to commit the following offense: **wire fraud**, that is, to knowingly devise a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and intentional concealment and omission of material facts, and used and caused to be used foreign and interstate wire communications for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## MANNER AND MEANS OF THE SCHEME

7.   The objects of the conspiracy were, in substance, carried out in the following manner:

8.   Defendants and other members of the conspiracy conducted a CIF scheme operating from Dubai, United Arab Emirates, and elsewhere.

9.   Defendants and other members of the conspiracy targeted residents of the United States, including in the Southern District of California, Canada, and elsewhere.

10.  Defendants and other members of the conspiracy contacted victims through interstate and foreign wire communications, including dating applications, social media, such as Facebook and Instagram, telephone, and messaging applications, such as WhatsApp. These communications were for the purpose of building trust and affection with victims under fraudulent pretenses.

3

11. Defendants and other members of the conspiracy used fake personae, including by using photos of models and other images, to disguise their true identities.

12. Defendants and other members of the conspiracy promoted purported cryptocurrency investment opportunities to victims, including by touting their (Defendants' and others') own purported successes in investing in cryptocurrency.

13. Defendants and other members of the conspiracy assisted victims in opening accounts on cryptocurrency platforms and transferring their investments to other platforms, including CoinswiftTrading and SwiftLedger, which were fake investment platforms that defendants and co-conspirators controlled.

14. Defendants and other members of the conspiracy encouraged and pressured victims to invest more in cryptocurrency over time, including by encouraging victims to borrow money and take loans from friends and family members.

15. Under fraudulent pretenses, defendants and other members of the conspiracy induced victims to transfer money to cryptocurrency investment accounts and platforms, including CoinswiftTrading and SwiftLedger, which were actually controlled by defendants and other members of the conspiracy.

16. Defendants and other members of the conspiracy instructed and guided other co-conspirators on the methods and techniques for perpetrating the CIF scheme, including by instructing co-conspirators on setting up accounts and profiles on dating applications, communicating with victims, and gaining the trust and affection of victims to commit the fraud.

4

17. Members of the conspiracy including defendant THET MIN NYI, aka "Ko Thet," aka "Ko" managed and recruited others, including defendant ████████████████████████ to participate in the CIF scheme based in and around Dubai, United Arab Emirates.

18. Defendants and other members of the conspiracy communicated, through interstate and foreign wire communications, with victims in the United States, including in the Southern District of California, Canada, and elsewhere to perpetrate the CIF scheme and to cause victims to invest and ultimately to lose money.

19. Altogether, defendants and other members of conspiracy caused victims losses totaling millions of dollars.

All in violation of Title 18, United States Code, Section 1349.

## Count 2

### (Conspiracy to Launder Monetary Instruments)

### [18 U.S.C. §§ 1956(h), 1956(a)(2)(A) and (a)(2)(B)(i)]

20. Paragraphs 1 through 19 are re-alleged and incorporated herein.

21. Beginning on a date unknown to the grand jury, but at least since 2024, and continuing up to and including March 10, 2026, within the Southern District of California and elsewhere, defendants THET MIN NYI, aka "Ko Thet," aka "Ko," and ████████████ ███████ at least one of whom will first enter the United States in the Southern District of California, knowingly and intentionally conspired with other persons known and unknown to the grand jury:

a. to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is, wire fraud, in violation of

5

Title 18, United States Code, Section 1343, all in violation of Section 1956(a)(2)(A); and

        b.    to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, all in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i);

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATIONS

22.    The allegations contained in Counts 1 and 2 of this Indictment are realleged herein and incorporated as a part hereof for purposes of seeking forfeiture to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and Title 28, United States Code, Section 2461(c).

23.    Upon conviction of the offense set forth in Count 1 of this Indictment, and pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), defendants THET MIN NYI, aka "Ko Thet," aka "Ko," and ███████████████ shall forfeit to the United States of America all property, real and personal, which constitutes and is derived from proceeds traceable to the offense. The properties to be forfeited include:

6

   a.   Binance account associated with Binance user identification 396034140 and associated to THET MIN NYI, aka "Ko Thet," aka "Ko";

   b.   Binance account associated with Binance user identification ███████ and associated to ███████████ ; and

   c.   Binance account associated with Binance user identification 1056217101 and associated to W.C.Y. (uncharged co-conspirator).

24. Upon conviction of the offense set forth in Count 2 of this Indictment, and pursuant to Title 18, United States Code, Section 982(a)(1), defendants THET MIN NYI, aka "Ko Thet," aka "Ko," and ████████████████████ shall forfeit to the United States of America all property, real and personal, involved in the offense and any property traceable to such property. The properties to be forfeited include:

   a.   Binance account associated with Binance user identification 396034140 and associated to THET MIN NYI, aka "Ko Thet," aka "Ko";

   b.   Binance account associated with Binance user identification ███████ and associated to ███████████ ; and

   c.   Binance account associated with Binance user identification 1056217101 and associated to W.C.Y. (uncharged co-conspirator).

25. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

//

7

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c) to seek forfeiture of any other property of the defendants up to the value of the property listed above as being subject to forfeiture.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 982(b) and Title 28, United States Code, Section 2461(c).

DATED: March 10, 2026.

A TRUE BILL:

█████████████

Foreperson

ADAM GORDON
United States Attorney

By: _____
PETER S. HORN
Assistant U.S. Attorney

_____
STEFANIE A. SCHWARTZ
Trial Attorney
Department of Justice, Criminal Division
Computer Crime and Intellectual Property Section

8